**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DWAYNE NEIL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-460** |
| **RHONDA LEDET, ET AL.** | **SECTION "G"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff Dwayne Neil, a state inmate, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against Warden Rhonda Ledet and Jacob Fonseca.[1]

Neil did not submit his complaint on the proper form, and he failed to submit an application to proceed *in forma pauperis*. On March 5, 2026, the Clerk of Court sent Neil a notice of the deficiency which required Neil to submit his complaint on the proper form and to either pay the filing fee or submit a properly completed and certified pauper application within twenty-one (21) days of the date of the notice.[2] The necessary forms were provided to Neil with the notice of deficiency.[3] The envelope mailed to Neil at his record address has not been returned as undeliverable. Neil has not responded to the notice of deficiency.

On April 7, 2026, when Neil did not respond to the deficiency notice, the Court issued an order for Neil to show cause by April 28, 2026, why his complaint should not be dismissed for failure to prosecute by his failure to submit his complaint on the proper form and pay the filing fee or submit a certified pauper application.[4] The Court warned Neil that "**FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN A RECOMMENDATION THAT THIS CASE BE**

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 2.
[3] Rec. Doc. 2-1.
[4] Rec. Doc. 3.

**DISMISSED.**[5] The envelope mailed to Neil at his prison address of record has not been returned as undeliverable.

To date, Neil has not responded to the order, submitted his complaint on the proper form, submitted a certified pauper application, or paid the filing fee. Neil's failure to comply with the order to show cause clearly reflects a failure on his own part to prosecute.

In the light of the foregoing, it is appropriate to dismiss Neil's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because Neil is proceeding *pro se*, the Court need consider only his conduct in determining whether dismissal is proper under Rule 41(b). As noted, Neil was twice instructed submit his complaint on the proper form and pay the required filing fee or submit an application to proceed as pauper. To date, Neil's complaint remains deficient, the filing fee remains unpaid, and no pauper application has been submitted. For these reasons, the Court is unable to advance Neil's claims on the docket. Accordingly, his complaint should be dismissed for failure to prosecute.

---

[5] Id. at 2.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that Dwayne Neil's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); see Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 13th day of May, 2026.


**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

3